UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIN M. SHAW<br>Plaintiff | *<br>*<br>* |
| VERSUS | *   CIVIL ACTION NO: 22-2185<br>* |
| EMERY & JAMES, LTD., SAGESURE<br>INSURANCE MANAGERS, LLC, IAT<br>INSURANCE GROUP, OCCIDENTAL<br>FIRE AND CASUALTY COMPANY OF<br>NORTH CAROLINA, KEYSTONE<br>EXPERTS AND ENGINEERS, LLC AND<br>CROSS COUNTRY ADJUSTING<br>Defendant | *   SECTION:<br>*<br>*   JUDGE:<br>*<br>*   MAG. JUDGE :<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, defendant, Occidental Fire & Casualty Company of North Carolina ("Occidental" or "Defendant"), by and through undersigned counsel, hereby gives notice and removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Occidental avers as follows:

**I.    FACTUAL BACKGROUND**

1. On March 29, 2022, plaintiff, Erin M. Shaw ("Plaintiff"), commenced this action through the filing of a Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, styled *"Erin M. Shaw v. Emery & James, LTD., Sagesure Insurance Managers, LLC, IAT Insurance Group, Occidental Fire and Casualty Company of North Carolina, Keystone Experts and Engineers, LLC, and Cross Country Adjusting,"* bearing docket number 2022-02714, Division "D," Section 12.[1]

---

[1] Exhibit "A", Copies of all process, pleadings and orders filed in the Civil District Court for the Parish of Orleans.

1

2. Occidental has not been served with either the Citation or the Petition.

3. Plaintiff is resident of the Parish of Orleans, State of Louisiana.[2]

4. Occidental is a corporation organized and existing under the laws of the State of North Carolina and maintains its principal place of business in North Carolina.

5. Neither Occidental, nor any of the other defendants properly named and joined in the Petition filed on March 29, 2022 have been served with the Petition.

6. Plaintiff alleges that Hurricane Ida caused significant damage to her property located at 6347 Milne Boulevard, New Orleans, Louisiana, 70124.[3]

7. Plaintiff alleges, *inter alia*, that Occidental breached its contractual duties under its insurance policy by failing to compensate Plaintiff for amounts due under the policy.[4] Plaintiff further alleges that Occidental's failure to pay the amount due constitutes arbitrary and capricious behavior in violation of La. R.S. § 22:1973 and La. R.S. § 22:1892.[5]

II. **GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP JURISDICTION**

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (A) complete diversity of citizenship exists between Plaintiff and defendants and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

A. **Complete Diversity of Citizenship**

9. In the case at bar, the Petition states that Plaintiff is domiciled in Orleans Parish, which is located in the State of Louisiana.[6] For purposes of federal diversity jurisdiction, a natural

---

[2] *See* Exhibit "A", Plaintiff's Petition at ¶ 1.
[3] *See* Exhibit "A", Plaintiff's Petition at ¶10, misnumbered as ¶2.
[4] See Exhibit "A", Plaintiff's Petition at ¶ 26, misnumbered as ¶18.
[5] *See* Exhibit "A", Plaintiff's Petition at ¶ 36, misnumbered as ¶28.
[6] *See* Exhibit "A", Plaintiff's Petition at ¶ 1.

person is deemed to be a citizen of the state where he or she is domiciled.[7] Thus, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

10. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business."[8] At all times relevant, Occidental was and is incorporated in North Carolina with its principal place of business in North Carolina. Therefore, Occidental is a citizen of the State of North Carolina for purposes of diversity jurisdiction.

11. IAT Insurance Group, Inc. ("IAT") was and is incorporated in the state of North Carolina with its principal place of business is located in Raleigh, North Carolina.[9] Thus, IAT is a citizen of North Carolina for purposes of diversity jurisdiction.

13. Cross Country Adjusting, Inc. ("CCA") was and is incorporated in the state of South Carolina, with its principal place of business located in Pageland, South Carolina.[10] CCA, therefore, is a citizen of South Carolina for diversity jurisdiction purposes.

14. Keystone Experts and Engineers, LLC ("Keystone") is a Colorado limited liability company, and its sole member is Daniel Price, is domiciled in Colorado.[11] Thus, Keystone is a citizen of Colorado.

15. In addition to these defendants, Plaintiff also names Sagesure Insurance Managers, LLC ("Sagesure") and Emery & James, LTD ("Emery & James"). Emery & James, a Louisiana

---

[7] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[8] *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)).
[9] See Exhibit "B," attached hereto as "North Carolina Secretary of State Search Results for IAT"
[10] *See* Exhibit ","C attached hereto as "South Carolina Business Entities Online Corporate Information Search Results."
[11] *See* Exhibit "D-1," attached hereto as "Colorado Secretary of State - Summary"; *See* Exhibit D-2 attached hereto as "Daniel Price LinkedIn Profile."

3

business corporation doing business under the trade name, "Gohres Insurance," is incorporated under the laws of the State of Louisiana, with a principal place of business located in Louisiana.[12] Consequently, for purposes of diversity jurisdiction purposes, Emery & James is a citizen of Louisiana. Similarly, Sagesure is a limited liability company formed in the State of Florida.[13]

16.     Despite the fact that Emery & James is a non-diverse defendant and Sagesure's citizenship is not readily ascertainable for diversity purposes, these entities have not been served, and have been improperly/fraudulently joined as defendants in the instant action.[14] Since Plaintiff, as argued below, has failed to demonstrate a reasonable basis for recovery under Louisiana law against either of these defendants, the citizenship of Emery & James and Sagesure should be disregarded for diversity purposes.

17.     Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied with respect to all properly joined parties, because Plaintiff is a citizen of the State of Louisiana and defendants, IAT and Occidental are citizens of the State of North Carolina; defendant, Keystone is a citizen of the State of Colorado; and defendant, CCA is a citizen of the State of South Carolina.

**B.     Improper/Fraudulent Joinder of Emery & James**

18.     "Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist."[15] However, under certain circumstances, the doctrine of improper joinder, also known as fraudulent joinder, permits the removal of actions to federal court based on diversity jurisdiction despite the presence

---

[12]  Exhibit "E", State of Louisiana Secretary of State Business Filings sheet.
[13]  See Exhibit "F," attached hereto as "Florida Secretary of State Filing Information."
[14]  See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) ("[The] right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.").
[15]  Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016).

4

of one or more named non-diverse defendants.[16] To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[17] With respect to the second prong, to determine if joinder is improper, the court must decide whether plaintiff has a reasonable basis of recovery under state law.[18] The court begins with a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.[19]

19.     In this case, Plaintiff's Petition asserts claims against the defendants referenced in the prior section arising out of property damage purportedly sustained in connection with Hurricane Ida.[20] More importantly, however, employing a Rule 12(b)(6)-type analysis to the allegations of Plaintiff's Petition reveals that Plaintiff has failed to state a valid cause of action against Emery & James and/or Sagesure under Louisiana substantive law.  Indeed, Plaintiff, herself, limits the extent of Emery & James' involvement in this matter to selling a policy of homeowners insurance covering the subject property at the time of Hurricane Ida's occurrence.[21] Plaintiff also mentions that said policy was "serviced" by Sagesure without any further discussion defining what specific actions Sagesure.[22]

20.     In order to pass muster under Rule 12(b)(6) and the related standards established in *Twombly*[23] and *Iqbal*,[24] Plaintiff's pleadings must contain "enough facts to state a claim to relief

---

[16] *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572-74 (5th Cir. 2004).
[17] *See Richmond v. Chubb Grp. of Ins. Companies*, No. CIVA 06-3973, 2006 WL 2710566, at *5 (E.D. La. Sept. 20, 2006.
[18] *Id*.
[19] *Id*.
[20] *See generally*, Exhibit "A."
[21] *See* Exhibit "A", Plaintiff's Petition at ¶10, misnumbered as ¶2.
[22] *Id*.
[23] *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

5

that is plausible on its face.[25]" Moreover, although the Court must accept as true all well-plead factual allegations, it may ignore legal conclusions couched as factual allegations and "[t]hreadbare recitals of the elements of a cause of action.[26]"

21. Here, Plaintiff alleges claims for breach of contract, breach of good faith and fair dealing pursuant to La. R.S. 22:1973, unfair/deceptive business practices, and violations of the Louisiana Policyholder's Bill of Rights pursuant to La. R.S. 22:41.

### i.  Breach of Contract

22. With respect to Plaintiff's breach of contract claim, neither Sagesure, nor Emery & James are not a party to the insurance contract between Plaintiff and Occidental. Under Louisiana law, the established rule is that, in the absence of a contrary statutory provision, an action ex contractu cannot be maintained against a party to a contract by a person who is not privy thereto.[27] In the absence of privity of contract between Plaintiff, Emery & James, and Sagesure it is more than evident that Plaintiff cannot maintain her cause of action for breach of contract against Emery & James and Sagesure.

### ii.  Breach of Good Faith and Fair Dealing

23. Pursuant to La. R.S. 22:1973(A), an insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. Under Subsection B, any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the

---

[25] *Bell Atl. Corp.*, 550 U.S. at 570.
[26] *Iqbal*, 556 U.S. at 678.
[27] *See Lumber Prod., Inc. v. Hiriart*, 255 So. 2d 783, 787 (La. Ct. App. 1971).

insurer's duties imposed in Subsection A of this Section:

>   (1)   Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
>   (2)   Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
>   (3)   Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
>   (4)   Misleading a claimant as to the applicable prescriptive period.
>
>   (5)   Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
>   (6)   Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

24.    In this case, Plaintiff alleges that defendants, without specifying who, violated La. R.S. 22:1973 by failing to provide adequate payments in connection with her claim despite having received satisfactory proof of loss following its own inspections of the property and following its receipt of independent proofs of loss.[28] A simple review of La. R.S. 22:1973's provisions demonstrate that such duty and actions are incumbent upon **an insurer, not an insurance agent.** Plaintiff only alleges that Emery & James sold the subject insurance policy, but she stops short of citing any facts which would indicate that Emery & James had any actual involvement in the handling of her claim. Likewise, Plaintiff fails to allege any specific actions taken by Sagesure in servicing her policy that would amount breach of good faith and fair dealing. Since Plaintiff has not and cannot allege any facts that would give rise to a claim for breach of La. R.S. 22:1973

---

[28]   *See* Exhibit "A", Plaintiff's Petition at ¶ 36, misnumbered as ¶28.

against Emery & James and/or Sagesure, it is clear she has no reasonable basis for recovery on this claim.

### iii. Violation of La. R.S. 22:41 and Unfair/Deceptive Business Practices

25. The Louisiana Policyholder's Bill of Right is found La. R.S. 22:41, and specifically provides that the standards set forth therein do not create additional causes of action or penalties not otherwise provided under Louisiana statutes.

26. In the matter *sub judice*, Plaintiff neither specifies exactly which of La. R.S. 22:41's standard were violated by any defendant, nor does she identify any action(s) by Emery & James and/or Sagesure that caused and/or contributed to said violation. More importantly, as indicated by the very words of the statute, these standards, in and of themselves create no cause of action.[29] Therefore, even accepting Plaintiff's allegations as true, there is absolutely no plausibility for a claim against Emery & James and/or Sagesure arising under La. R.S. 22:41.

27. Similarly, Plaintiff alleges that defendants collectively engaged in unfair and deceptive business practices in violation of La. R.S. 22:1964. However, under Louisiana law, unfair trade practices fall under the jurisdiction of the insurance commissioner.[30] Furthermore, Louisiana jurisprudence has consistently held, "no provision in this statutory scheme, creates a cause of action in favor of a person allegedly injured by unfair trade practices in the insurance business as set forth in [L]a. R.S. 22:1964."[31] In this case, Plaintiff avers that defendants violated La. R.S. 22: 1964 by – (1) hiring a biased engineering firm (who has also been named as a defendant herein); (2) failing to provide said firm with any and all information to it; and (3) withholding the engineering report for multiple months while ignoring the Plaintiff's purported

---

[29] *See* La. R.S. 22:41; *Carlton v. Allstate Prop. & Cas. Ins. Co.*, 551 F. Supp. 3d 663, 672 (E.D. La. 2021).
[30] *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F. Supp. 3d 208, 219 (E.D. La. 2019)(quoting *S. Gen. Agency, Inc. v. Safeway Ins. Co. of La.*, 769 So. 2d 606, 608-09 (La. App. 3 Cir. 2000).
[31] *See Klein v. Am. Life & Cas. Co.*, 2001-2336 (La. App. 1 Cir. 6/27/03), 858 So. 2d 527

8

requests for same.[32] Setting aside the fact that Plaintiff failed to demonstrate how Emery & James and/or Sagesure has had any specific involvement whatsoever in the handling of her claim; she, nevertheless, has no claim against any defendants for unfair/deceptive trade practices as Louisiana law neither provides neither standing, nor a private cause of action.

28. For the reasons set forth above, Plaintiff's claims against Emery & James and Sagesure lack facial plausibility, and it is more than evident that Plaintiff has no reasonable basis of recovery against either of these defendants. Thus, Emery & James and Sagesure were improperly/fraudulent joined as a defendant in this matter, and its citizenship should be disregarded for purposes of diversity jurisdiction.

29. The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and defendants, IAT, Occidental, Keystone, and CCA are all citizens of different states.

**B. Amount in Controversy**

30. Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

31. The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[33] Under that framework, the removing defendant must show

---

[32] *See* Exhibit "A", Plaintiff's Petition at ¶ 42, misnumbered as ¶34.
[33] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.

9

"by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[34] To satisfy this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[35] The Fifth Circuit has allowed removing defendants to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy is sufficient.[36]

32. Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[37] To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[38] However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[39] A court's determination of whether the amount in controversy requirement is

---

[34] *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

[35] *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).

[36] *See id.*

[37] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[38] *See Dart, supra.*

[39] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).

facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[40]

33. Here, Plaintiffs' Petition does not allege a specific monetary amount of damages. However, in their Petition, Plaintiffs allege that their property, located at 6347 Milne Boulevard, New Orleans, Louisiana, 70124, and insured by Occidental pursuant to a homeowner's policy sustained severe storm-related damages on August 29, 2021, resulting from Hurricane Ida. Plaintiffs have also submitted to Occidental two repair estimates prepared by contractors alleging that her property sustained more than $49,495.31 in damages as a result of Hurricane Ida.

34. Plaintiffs also allege they are entitled to penalties and general and special damages pursuant to La. R.S. § 22:1973 and in addition to damages for their covered losses. Under § 22:1973, when the insurer does not make a timely tender or payment within 60 days of satisfactory proof of loss, it is liable for a penalty in an amount not to exceed (2) two times the damages sustained or Five Thousand and no/100 ($5,000.00) Dollars, whichever is greater, plus reasonable attorney's fees.[41] Plaintiffs allege general damages, "including, but not limited to mental anguish, emotional distress, and inconvenience." Louisiana courts have upheld awards of general damages for mental anguish, emotional distress, and inconvenience in bad faith cases, ranging from $10,000 to $125,000.[42]

---

[40] *See generally*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[41] La. Rev. Stat. § 22:1973(C).
[42] *Veade v. La. Citizens Prop. Corp.*, 2008-0251 (La. App. 4 Cir. 06/04/08), 985 So.2d 1275 (upholding award of $10,000 in general damages for mental anguish); *Dudenhefer v. Louisiana Citizens Prop. Ins. Corp.*, 2019-0387 (La. App. 4 Cir. 09/25/19) (upholding award of $12,500 in general damages for mental and emotional anguish, distress, aggravation and inconvenience); *Dore v. Louisiana Farm Bureau Cas. Ins. Co.*, 2016-0659 (14th JDC 06/13/19) (upholding award of $50,000 in general damages for mental and emotional anguish, distress, aggravation and inconvenience); *Farber v. Am. Nat'l Prop. & Cas. Co.*, 08-821 (La. App. 3 Cir. 12/10/08), 999 So.2d 328 (upholding award of $75,000 in general damages for mental anguish); *Orellana v. La. Citizens Prop. Ins. Corp.*, 2007-1095 (La. App. 4 Cir. 12/05/07), 972 So.2d 1252 (upholding award of $125,000 in general damages for mental anguish).

35. Given that Plaintiff seeks recovery of the two submitted repair estimates totaling approximately $49,495.31, plus the claimed statutory penalties and other damages, the amount in controversy for the claims asserted against Occidental clearly exceeds $75,000.[43]

36. Furthermore, Occidental has paid Plaintiff approximately $25,008.28, and the amount remaining under the policy exceeds $172,000, which also indicates the plausibility that the amount in controversy in this case exceeds $75,000. This Court has held that the amount remaining under the policy limit, along with a plaintiff's allegations of bad-faith penalties and damages for pain and anguish was sufficient to determine that the amount in controversy exceeded $75,000.[44]

37. The policy at issue provides coverage in the following amounts: Dwelling $198,000; Other Structures $19,800; Personal Property $39,600; and Loss of Use $3,960.[45] Even taking in to account Occidental's prior payment of $25,008.28, there still remains over $172,000 of the policy limits for the Dwelling coverage alone and further demonstrates that the amount in controversy clearly exceeds $75,000.

38. Louisiana Code of Civil Procedure Article 893 prohibits plaintiffs from demanding a specific monetary amount of damages in their pleadings, that article provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is **required**."[46] Given the mandatory language of Article 893, this Court has held that a

---

[43] Aside from the payments alleged in Plaintiffs' Petition, Occidental also made supplemental payments in the amount of $9,273.07.
[44] *Capo v. State Farm Fire & Cas. Co.*, 2008 WL 2001978, at *1 (E.D. La. May 5, 2008).
[45] *See* Exhibit "H," Shaw Homeowners Policy Number LAP460855100.
[46] *See* La. Code Civ. Proc. art. 893(A)(1) (emphasis added).

12

plaintiff "creates a 'strong presumption' in favor of [diversity] jurisdiction" by failing to include such a general allegation in his or her state court pleadings.[47]

39. Here, Plaintiffs' Petition for Damages does not contain any general allegation that the monetary value of his claims in this case is insufficient to support an exercise of diversity jurisdiction by this Court.[48] Plaintiffs' failure to include such an allegation in his pleadings stands as further evidence that the amount in controversy requirement is satisfied under the facially apparent test.

40. For each of the foregoing reasons, it is apparent from the face of the Petition that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III. TIMELINESS OF REMOVAL AND FORUM-DEFENDANT RULE

41. Occidental has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, Occidental further shows that this Removal is timely made under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

---

[47] *See*, *e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *Treqknia Bannister v. ACE American Insurance Company, et al.,* No. 16-2830, 2016 WL 2347861, at *2, second footnote "1" (E.D. La. May 4, 2016) (finding that a plaintiff's failure to comply with the requirements of Article 893 to be an important consideration supporting a finding that the amount in controversy was sufficient for diversity jurisdiction at the time of removal).
[48] *See generally* Exhibit "A", Plaintiffs' Petition for Damages.

13

### A.     This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

42.     The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading that statute requires the notice of removal be filed within thirty (30) days following service on the removing defendant.[49]

43.     Neither Occidental nor any other named defendant have been served.

44.     Because there has been no service of the Plaintiff's Petition on any defendant, this Notice of Removal is timely under 28 U.S.C. § 1441(b)(1).

### B.     This Removal Does Not Violate Rule 28 U.S.C. § 1441(b)(2)

45.     The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

46.     As set forth herein, neither Occidental, nor any of the other defendants properly joined in this matter, are Louisiana citizens, and therefore, this Removal does not violate the forum-defendant rule.

## IV.     CONSENT TO REMOVAL

47.     When a civil action is removed and there are multiple defendants to the state action, all properly joined and served defendants must join the removal petition.[50]

48.     As of the date of this Notice, none of the defendants properly joined have been served, and therefore, the consent requirement does not apply.

---

[49] 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[50] *See* 28 U.S.C. § 1446.

## V. PROCEDURAL COMPLIANCE AND CONCLUSION

49. Thus, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

50. Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process, pleadings, and orders filed in the action pending in the Civil District Court for the Parish of Orleans, State of Louisiana, pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed are attached hereto as Exhibit "A."

51. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

52. By removing the action from Civil District Court for the Parish of Orleans, State of Louisiana, Occidental does not waive, and hereby reserves, all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, insufficiency of process, prematurity, failure to state a claim upon which relief may be granted, or any other procedural remedies available to it.

53. By removing this action from the Civil District Court for the Parish of Orleans, State of Louisiana, Occidental does not admit any of the allegations in the Petition.

54. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, defendant, Occidental Fire & Casualty Company of North Carolina, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

<div style="margin-left: 50%;">

Respectfully submitted,

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (Bar No. 12063)
TARA E. CLEMENT (Bar No. 27406)
STEFANIE N. STEPHENS (Bar No. 38417)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
Email:    rsiegel@glllaw.com
Email:    tclement@glllaw.com
Email:    sstephens@glllaw.com
*Attorneys for Occidental Fire & Casualty Company of North Carolina*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2022, a copy of the foregoing pleading has been served upon all counsel of record via the Court's electronic filing system and also sent on this date to all counsel of record via email, facsimile, and/or via U.S. Mail, postage prepaid and properly addressed to:

Justin L. Winch, Esq.
Winch Law Firm, APLC
1000 Veterans Memorial Blvd
Suite 216
Metairie, LA 70005

<div style="margin-left: 50%;">

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL

</div>