UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIN M. SHAW                                    CIVIL ACTION

VERSUS                                              NO. 22-2185

EMERY & JAMES, LTD, ET AL.              SECTION "R" (5)


## ORDER AND REASONS

Before the Court is plaintiff Erin M. Shaw's motion to remand.[1]  Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental") opposes the motion to remand.[2]  For the following reasons, the Court grants plaintiff's motion.


## I.    BACKGROUND

This case arises from an insurance coverage dispute following Hurricane Ida. Plaintiff allegedly purchased a property insurance policy ("the Policy") for her home at 6347 Milne Boulevard, New Orleans, Louisiana ("the Property").  Plaintiff asserts that the Policy was sold by defendant Emery & James, LTD ("Emery") and was "issued and serviced by Defendants Sagesure Insurance Managers, LLC, and IAT Insurance Group, Inc., and Occidental Fire & Casualty Company of North

---

[1]      R. Doc. 10.
[2]      R. Doc. 11.

Carolina."[3]  Plaintiff's home was allegedly damaged by Hurricane Ida on August 29, 2021.[4]  Plaintiff represents that the damage sustained was covered by the Policy.[5]  Plaintiff allegedly reported the loss to defendants, who designated it Claim No. HO20108006669.[6]  The defendants then sent an adjuster to the property on September 21, 2021, whose inspection, according to plaintiff, fulfilled Louisiana's requirement for satisfactory proof of loss.[7]  Plaintiff represents that, despite sustaining a covered loss and defendants receiving satisfactory proof of the loss, defendants never paid the amounts owed under the Policy, or explained why the contractually-owed funds were withheld.[8]

On March 29, 2022, plaintiff sued Occidental, Emery, Sagesure Insurance Managers, LLC ("Sagesure"), IAT Insurance Group, Inc., Keystone Experts and Engineers, LLC, and Cross Country Adjusting, Inc. in the Civil District Court for the Parish of Orleans.[9]  Plaintiff asserted claims for breach of contract, breach of defendants' duty of good faith and fair dealing in violation of La. Rev. Stat. 22:1973(A), and unfair or deceptive business practices in violation of La. Rev. Stat.

---

[3]   R. Doc. 1-1 at 3 ¶ 2.
[4]   *Id.*
[5]   *Id.*
[6]   *Id.* ¶ 3.
[7]   *Id.* ¶ 5.
[8]   *Id.* at 4 ¶ 9.
[9]   *See generally* R. Doc. 1-1.

22:41.[10]  On July 15, 2022, Occidental removed the case to this Court on the basis of diversity jurisdiction.[11]  Occidental represented that even though Emery is a citizen of Louisiana and the citizenship of Sagesure "is not readily ascertainable," the two were improperly joined because plaintiff cannot establish a cause of action against either of them.[12]  Subsequently, plaintiff filed this motion to remand, asserting that she has stated valid claims against Emery.[13]  Occidental opposes the motion.[14]

 The Court considers the parties' arguments below.


## II.  LEGAL STANDARD

Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim arises federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 8808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and

---

[10]     *Id.*
[11]     R. Doc. 1.
[12]     *Id.* ¶ 16.
[13]     R. Doc. 10.
[14]     R. Doc. 11.

defendants, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

A defendant may remove by showing that a non-diverse party was improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  Because this is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id.* at 574.  A defendant may establish improper joinder by showing either: "(1) actual fraud in pleading jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant."  *Id.* at 573.  To determine whether the latter showing has been made, courts ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'"  *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting

*Smallwood*, 385 F.3d at 573).  The Fifth Circuit has explained that, "if a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder."  *Davidson*, 819 F.3d at 765 (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)).

As in the Rule 12(b)(6) context, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

The Court may take judicial notice of public records while conducting this 12(b)(6)-type analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).  And if the plaintiff has misstated or omitted discrete facts relevant

to the court's improper-joinder analysis, the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

## III. DISCUSSION

The starting point for any jurisdictional issue is the axiom that "[f]ederal courts are court of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, the Court "must presume that a suit lies outside [its] jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Here, there are two defendants that potentially destroy complete diversity: Emery and Sagesure. Occidental does not contest that Emery is a Louisiana citizen.[15] Sagesure is organized as an LLC, so its citizenship for jurisdictional purposes "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases). Occidental, in its notice of removal, states that "Sagesure's citizenship is not readily ascertainable for diversity purposes."[16] But it assures the Court that such information is not necessary because plaintiff has improperly joined Sagesure in this action.

---

[15]   R. Doc. 1 ¶¶ 15-16.

[16]   *Id.* ¶ 16.

In litigating plaintiff's motion to remand, the parties' contentions focus on whether plaintiff has improperly or fraudulently joined Emery as a defendant to destroy complete diversity.  But they provide no briefing on the issue of whether Sagesure was improperly joined.   In its opposition, Occidental states—in a footnote—that "Plaintiff's Motion to Remand fails to address the fraudulent joinder of SageSure as argued in our previous Notice of Removal, and any such opposition would be now be untimely."[17]   But even if plaintiff failed to brief the issue of Sagesure's improper joinder, subject-matter jurisdiction cannot be waived. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived.").  Having reviewed Occidental's opposition to remand and removal petition,  the Court is not persuaded that Occidental has met its burden to establish this Court's jurisdiction.

Much as in its remand opposition, in its notice of removal, Occidental provides little to no argument about why the claims against Sagesure must fail.[18] The thrust of Occidental's argument is that plaintiff merely "mentions that said

---

[17]   R. Doc. 11 at 2 n.2.

[18]   Indeed, the arguments for Sagesure's purported improper joinder are contained in a sub-section of Occidental's notice of removal titled "Improper/Fraudulent Joinder of Emery & James," and the contentions are a relative afterthought in comparison to the discussion about Emery.  *See* R. Doc. 1 at 4-9.

policy was 'serviced' by Sagesure without any further discussion defining what specific actions Sagesure [took]." But a cursory review of the state-court complaint shows that plaintiff in fact alleged that the Policy was "*issued* and serviced by Defendants Sagesure Insurance Managers."[19] Further, plaintiff goes on to describe how Sagesure and the other insurer-defendants mishandled her insurance claim and breached the insurance contract in bad faith. As discussed below, at a minimum, plaintiff has alleged a breach-of-contract claim against Sagesure.

Under Louisiana law, "[t]he essential elements of a breach of contract claim are [that] (1) the obligor[ ] undert[ook] . . . an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011). Here, plaintiff alleges that Sagesure, which "issued and serviced" the Policy, breached the agreement by failing to disburse contractually-owed funds when plaintiff provided satisfactory proof of a covered loss.[20] Occidental's only argument in support of its improper joinder assertion is that Sagesure was "not a party to the contract."[21] But Occidental's conclusory assertion contradicts plaintiff's allegations that Sagesure both issued and serviced the Policy.[22]

---

[19]    R. Doc. 1-1 at 3 (emphasis added).

[20]    R. Doc. 1-1 at 4-5, ¶¶ 13-22.

[21]    R. Doc. 1 ¶13.

[22]    R. Doc. 1-1 at 3, ¶ 2.

Occidental's other assertion, that plaintiff only vaguely alleges that Sagesure "serviced" the Policy, also contradicts the complaint.  In effect, Occidental asks the Court to construe ambiguities in the petition and its factual allegations against plaintiff.  Quite the opposite, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[.]" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)).  Occidental has therefore failed to bear its "heavy burden" of establishing that plaintiff cannot possibly recover on this claim.  *Smallwood*, 385 F.3d at 574.

Because the Court declines to dismiss Sagesure as improperly joined, the Court may exercise jurisdiction over this matter only if Sagesure has diverse citizenship from plaintiff.  Occidental fails to meet its burden of establishing Sagesure's diversity—indeed, Occidental states that Sagesure's citizenship is not readily ascertainable.  Accordingly, the Court grants plaintiff's motion to remand and does not reach the issue of whether Emery was properly joined.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to remand.  The case is remanded to the Civil District Court for the Parish of Orleans.  Plaintiff's motion seeking a status conference is DISMISSED as MOOT.[23]

New Orleans, Louisiana, this ___25th___ day of January, 2023

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23]    R. Doc. 19.